UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD R. NASH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12CV1783 TIA |
| | ) |
| TERRY RUSSELL, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This cause is before the Court on Missouri state prisoner Donald Nash's Motion for Leave to File Amended Petition for Writ of Habeas Corpus (Docket No. 17). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Petitioner seeks leave to amend his petition to add a count based on newly discovered DNA evidence from testing the shoe from which the shoelace had been removed. Petitioner contends that inasmuch as the testing found male DNA on the shoe, and the profile of that DNA does not match his DNA profile, this evidence shows that he is actually innocent of the crime for which he was convicted. The State opposes the amendment arguing that this new claim is a free-standing claim of actual innocence and such claims are not cognizable under 28 U.S.C. § 2254. Likewise, the State contends that Petitioner cannot amend his petition even if this is a gateway innocence claim.

The United States Supreme Court has not recognized free-standing claims of "actual innocence" as constitutional grounds for review in a federal habeas proceeding. McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"); Herrera v. Collins, 506 U.S. 390, 400-02, 404-05 (1993) (noting that "[c]laims of actual innocence based on newly discovered evidence

have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding"; stating that the "body of [the Supreme Court's] habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim"; and concluding that the petitioner was not entitled to relief because he claimed he was "entitled to habeas relief because newly discovered evidence show[ed] that his conviction [wa]s factually incorrect"); accord Burton v. Dormire, 295 F.3d 839, 848 (8th Cir. 2002) ("we have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent.... [T]hus [the petitioner]'s claim of innocence does not entitle him to a writ"); cf. Schlup v. Delo, 513 U.S. 298, 315 (1995) (distinguishing Herrera upon concluding that the petitioner's claim was not itself a constitutional claim of innocence barred by Herrera, but a gateway claim of actual innocence to obtain consideration of the merits of an otherwise barred claim). A free-standing claim of innocence, the Eighth Circuit has expressly concluded, is not cognizable in a federal habeas proceeding. Meadows v. Delo, 99 F.3d 280, 283 (8th Cir. 1996); Washington v. United States, 2014 WL 942940 at *8, n.4, Cause Number 4:11cv183CDP (E.D. Mo. Mar. 11, 2014) ("To the extent Ground 1 is an attempt to assert a freestanding claim of actual innocence, it fails as actual innocence is merely a gateway to review otherwise procedurally defaulted claims and is not an independent ground for relief."). Petitioner's proposed claim is a free-standing actual innocence claim that is not cognizable in this habeas proceeding.

Likewise, Petitioner's actual innocence claim, taken as a Schlup gateway claim, would not be successful. An actual innocence claim may serve as a "gateway" to "resurrect[] procedurally defaulted claims of constitutional error which occurred in the underlying trial," Kidd v. Norman, 651 F.3d 947, 951-52 (8th Cir. 2011), if the petitioner "presents evidence of innocence so strong that a

court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup, 513 U.S. at 316. Ultimately, such gateway claims must be based on evidence that was "*not* available at trial and [that] could not have been discovered earlier through the exercise of due diligence." Id. (emphasis added). In the proposed ground, Petitioner does not assert his actual innocence so as to permit this Court to review on its merits an otherwise barred constitutional claim. "[A] claim of 'actual innocence' is ... a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Mansfield v. Dormire, 202 F.3d 1018, 1024 (8th Cir. 2000). Inasmuch as Petitioner does not have a constitutional claim that is procedurally barred, the proposed amendment would be futile. Instead, Petitioner argues only that he is entitled to habeas relief because the newly discovered DNA evidence shows his conviction to be factually incorrect. Because such argument does not provide a basis for federal habeas review, the claim is not cognizable in this federal habeas proceeding. Herrera, 506 U.S. at 404; see also Burton, 295 F.3d at 848; Meadows, 99 F.3d at 283.

Although the undersigned finds his hands tied in denying Petitioner's motion to amend and cannot offer him any relief, the Court hopes that the State of Missouri may provide a forum, either judicial or executive, in which to consider the evidence that Petitioner may be actually innocent of the crime for which he was convicted. "A layperson would have little trouble concluding [Petitioner] should be permitted to present his evidence of innocence in *some* forum. Unfortunately, [Petitioner's] claims and evidence run headlong into the thicket of impediments erected by courts and by Congress." Burton v. Dormire, 295 F.3d 839, 842 (8th Cir. 2002). Petitioner may well be

guilty, but the newly discovered DNA evidence suggests his case, at the very least, deserves further serious consideration.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Leave to File Amended Petition for Writ of Habeas Corpus [ECF No. 17] be **denied**.

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this  27th  day of March, 2014.